IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| DEETTE GREEN<br>1100 Mississippi Avenue, S.E.<br>Apartment 344<br>Washington, DC 20032<br><br>      Plaintiff,<br><br>v.<br><br>FORMAN MILLS, INC.<br>1070 Thomas Busch Memorial Highway<br>Pennsauken, NJ 08110<br>**SERVE**<br>    CSC-Lawyers Incorporating<br>    Service<br>    7 St. Paul Street<br>    Suite 820<br>    Baltimore, MD 21202<br><br>      Defendant. | **Case No.:**  |

## COMPLAINT

COMES NOW Plaintiff DeEtte Green, by and through her attorneys, Allan M. Siegel, Esquire, and the law firm of Chaikin, Sherman, Cammarata & Siegel, P.C., and respectfully represents as follows:

### COUNT I
(Negligence — Personal Injury)

1. This Court has jurisdiction over the within cause of action in that the incident complained of herein occurred in the Prince George's County, Maryland.

2. Upon information and belief, at all relevant times herein, Defendant Forman Mills, Inc. (hereinafter "Forman

Mills"), inter alia, owned, leased, operated, managed, and/or maintained the real property and premises at issue herein, namely the department store, located at 3445 Branch Avenue, Hillcrest Heights, MD 20748, (hereinafter "the premises at issue").

3. On or about January 9, 2018, Plaintiff DeEtte Green was lawfully and properly present inside the premises at issue, with all due regard for her own safety, when she slipped and fell on water, which had been unreasonably allowed to accumulate and remain on the floor. There were no notices, signs or other warnings, conspicuously placed to provide Plaintiff reasonable notice of the hazard.

4. Defendant Forman Mills, acting by and through its actual and/or apparent agents, servants, and/or employees, knew or should have known, inter alia, of the existence of the water in the area where Plaintiff fell and of its unreasonably dangerous condition, that Plaintiff and others similarly situated would be walking there, and that the water, combined with the absence of conspicuously placed warning signs or notices, posed an unreasonable risk of harm to those, like Plaintiff, who were lawfully and properly present.

5. At all time mentioned herein, Defendant Forman Mills, acting by and through its actual and/or apparent agents, servants, and/or employees, owed a continuing duty to owed a continuing duty to maintain the premises at issue in a reasonably safe

2

condition, with due regard for persons lawfully and reasonably upon the premises.

6. Defendant Forman Mills, acting by and through its actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff, DeEtte Green, by, <u>inter alia</u>, allowing water to accumulate and remain on the floor of the premises at issue, failing to properly remove the water from the premises at issue, failing to use reasonable and ordinary care to keep the premises at issue safe for the benefit of those who lawfully and reasonably came upon the premises, failing to reasonably inspect and/or maintain the premises at issue, failing to ensure that the premises at issue was free of hazardous conditions, and failing to otherwise post notices or otherwise warn Plaintiff of dangers that Defendant knew or should have known existed. At all times mentioned herein, Plaintiff DeEtte Green was free of negligence and/or contributory negligence.

7. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff DeEtte Green suffered injuries and damages, including but not limited to: a disc herniation at C4-C5 causing severe cord compression, necessitating a C4 corpectomy and C3-C5 fusion; she has incurred, and will continue to incur, medical and hospital expenses in an effort to care for her injuries; she has suffered a loss of earnings and earning capacity; and she has suffered, and will in the future suffer,

great pain of body and mind; all of which may be permanent in nature.

WHEREFORE, Plaintiff DeEtte Green demands judgment of and against Defendant Forman Mills, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment interest and costs.

### COUNT II
(Negligent Hiring, Training, Retention and Supervision)

Plaintiff incorporates by reference herein each and every allegation set forth above and further states as follows:

8. At all times mentioned herein, Defendant Forman Mills, acting by and through its actual and/or apparent agents, servants, and/or employees, owed a continuing duty to reasonably, carefully, and conscientiously secure the service of qualified and well-trained personnel, and to reasonably hire, train, retain and supervise its personnel to reasonably assure, inter alia, that the premises at issue were not left in an unreasonably hazardous condition. Defendant also had a duty to properly train, retain and supervise these persons to assure that, inter alia, proper warnings, notices, and similar devices were posted.

9. Defendant Forman Mills, acting by and through its actual and/or apparent agents, servants, and/or employees, breached the duties owed to the Plaintiff by, inter alia, failing

4

to reasonably hire, train, retain and supervise its personnel, as set forth above.

10. As a direct and proximate result of the Defendant's aforesaid negligence, Plaintiff was injured and damaged as set forth above in paragraph 7.

WHEREFORE, Plaintiff DeEtte Green demands judgment of and against Defendant Forman Mills, Inc., in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre-judgment interest and costs.

Respectfully submitted,

**CHAIKIN, SHERMAN, CAMMARATA & SIEGEL, P.C.**

*/s/ Allan M. Siegel*

Allan M. Siegel
CPF No.: 9412150167
1232 17th Street, N.W.
Washington, DC 20036
Tel: (202) 659-8600
Fax: (202) 659-8680
siegel@dc-law.net
*Attorneys for Plaintiff*

### CERTIFICATE OF GOOD STANDING

I hereby certify that I am a member in good standing of the Maryland Bar.

*/s/ Allan M. Siegel*
Allan M. Siegel

## JURY DEMAND

Plaintiff hereby request a trial by jury as to all issues triable herein.

_____
Allan M. Siegel